UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAINT NITE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| COLORS AND BOTTLES LLC (an Illinois | ) | |
| company), COLORS AND BOTTLES LLC | ) | |
| (an Ohio company), COLORS & BOTTLES, | ) | |
| INC. (a South Carolina corporation), and | ) | |
| Jessica Burley, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR CYBER PIRACY, TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

Plaintiff Paint Nite LLC, for its Complaint against defendants Colors and Bottles LLC, Colors and Bottles LLC, COLORS & BOTTLES, INC., and Jessica Burley, alleges as follows:

### THE PARTIES

1. Plaintiff Paint Nite LLC ("Paint Nite") is a limited liability company organized under the laws of Massachusetts with a principal place of business at 230 Somerville Avenue, Somerville, Massachusetts 02143.

2. Defendant Colors and Bottles LLC is a limited liability company organized under the laws of Illinois with a principal place of business at 3909 N. Seeley Ave, Chicago, Illinois, 60618.

3. Defendant Colors and Bottles LLC is a limited liability company organized under the laws of Ohio, with a registered office at 8044 Montgomery Road, Cincinnati, Ohio, 45236.

4.     Defendant Colors & Bottles, Inc. is a corporation organized under the laws of South Carolina with a registered office at 988 Mikell Drive, Charleston, South Carolina, 29412.

5.     On information and belief, Defendant Jessica Burley is a resident of the state of Illinois, Ohio or South Carolina, and a principal or member of each of the foregoing Colors and Bottles entities.    On information and belief, Defendant Jessica Burley directs, actively participates in, controls and benefits from the activities of each of the foregoing Colors and Bottles entities, and directed, actively participated in, controlled and benefited from the conduct of the Colors and Bottles entities alleged in this Complaint (the foregoing Colors and Bottles entities and Jessica Burley are referred to collectively herein as the "Defendants.")

## JURISDICTION AND VENUE

6.     This is an action arising under the Lanham Act, 15 U.S.C. §1051 *et seq.*, and Illinois common law.

7.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act. The Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367.

8.     Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because a substantial part of the activities giving rise to the claims alleged herein occurred in this District and Defendants are subject to personal jurisdiction in this District.  Defendants derive substantial revenue from activities in this District and represent on their website located at <colorsandbottles.com> that Defendants have over twenty locations located in Chicago.

## NATURE OF THE CASE

9.     Paint Nite brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its PAINT NITE name and service mark that Paint Nite has used for several years in connection with its well-known instructional art and

2

painting classes, social entertainment events and related services (the Paint Nite "Social Painting Services"), which are promoted through its website, <paintnite.com> among other media vehicles.

10.     As described more fully below, without Paint Nite's authorization or consent, Defendants have commenced use of the PAINT NITE trade name and service mark in connection with the domain names <paintnite.co>, <paintnite.info> and <paintnite.org> and are using those domain names to divert traffic to their own website <colorsandbottle.com>, where Defendants promote their competing instructional art and painting classes, social entertainment events and related services. Defendants therefore have created circumstances whereby members of the public and trade are likely to be confused and led to incorrectly believe that Defendants and their services are somehow authorized by, sponsored by or affiliated with Paint Nite and with Paint Nite's well-known PAINT NITE mark. As a result, Plaintiff brings this instant suit to protect its valuable rights in its PAINT NITE name and marks.

## COMMON ALLEGATIONS

### Paint Nite's Business and PAINT NITE Mark

11.     Paint Nite is a well-known provider of Social Painting Services based in Somerville, Massachusetts, which hosts events throughout the United States, including in Chicago, and throughout the world. Paint Nite draws patrons into local restaurants with an opportunity to socialize, paint and "drink creatively." Paint Nite makes art accessible to people who may not consider themselves artists by fostering an environment that inspires the creative process. Presently, Paint Nite hosts events in over 85 cities worldwide, where attendees follow step-by-step instructions by local artists. Each year, nearly one million attendees have participated in more than 24,000 events.

3

12.     Prior to Defendants' adoption and use of the PAINT NITE mark, Paint Nite has provided its nationally renowned Social Painting Services under and in connection with its PAINT NITE mark, establishing both common law rights as well as rights under the Lanham Act. Paint Nite has devoted significant resources, time and effort to marketing and promoting its Social Painting Services under the PAINT NITE name and mark. For example, Paint Nite has promoted and marketed its Social Painting Services in connection with its PAINT NITE mark in print media, online banner advertising campaigns, and in other ways customary in the industry, and reaches customers in 85 metropolitan areas throughout the United States, Canada, China, Australia, Argentina and South Africa. In addition, Paint Nite's events have been featured in regional and national publications, including the articles attached hereto as Exhibit A.

13.     Paint Nite maintains several social media accounts where it further promotes its Social Painting Services, including on Facebook, Twitter, Instagram, Pinterest, and Google Plus, which collectively receive over 170,000 impressions a month. The PAINT NITE name and mark are further promoted though unsolicited social media posts by customers touting their positive experiences at Paint Nite's events. Indeed, Paint Nite's customers frequently take pictures with their smart phones and upload them to Facebook, Instagram or Twitter, where friends and followers see the art work and identify the mark PAINT NITE with Paint Nite's Social Painting Services, and they in-turn plan to attend a Paint Nite event for themselves.

14.     Paint Nite also maintains a website at <paintnite.com> which is available to all members of the trade and public, and which promotes the PAINT NITE name and mark. Paint Nite's website currently receives 980,000 unique web visitors a month.

15.     As a result of Paint Nite's continuous and extensive use and promotion of its PAINT NITE mark in connection with Social Painting Services, the PAINT NITE name and mark have developed considerable customer recognition. Indeed, the PAINT NITE mark has

4

come to be recognized by customers as identifying and distinguishing Paint Nite's Social Painting Services. The PAINT NITE mark thus has acquired distinctiveness and secondary meaning signifying Paint Nite, and Paint Nite has cultivated and now owns considerable and valuable goodwill in and symbolized by the PAINT NITE mark.

16.     This consumer goodwill and recognition constitutes one of Paint Nite's most valuable assets. Accordingly, the integrity of the PAINT NITE mark is extremely important to Paint Nite, and crucial to the continued vitality and growth of Paint Nite's business.

17.     To protect its PAINT NITE mark, Paint Nite has obtained federal Trademark Registration No. 4,434,150 for use in connection with instruction in the field of art. A copy of the registration record for Plaintiff's PAINT NITE mark is attached hereto as Exhibit B.

### Defendants' Business and Wrongful Conduct

18.     Like Plaintiff, Defendants also offer instructional art and painting classes, social entertainment events and related services. On information and belief, Defendants hosts their competing classes and events at local restaurants throughout the United States, including in many of the same metropolitan areas as Plaintiff such as Chicago.

19.     On information and belief, and long after Paint Nite began its extensive promotion and use of its PAINT NITE mark in connection with Social Painting Services, and after Paint Nite registered and began using the <paintnite.com> website, Defendants adopted and began using the PAINT NITE mark in connection with promoting their competing classes and events.

20.     On March 23, 2014, Defendants registered the <paintnite.co>, <paintnite.info> and <paintnite.org> domain names (the "Domain Names"), as evidenced by the WHOIS reports attached hereto as Exhibit C, and are using the Domain Names to divert traffic to their own website at <colorsandbottles.com>.

21.     Defendants are using each of the Domain Names to host an identical website (the "Website") that merely features a single icon on an otherwise blank and static web page. The single icon consists of the phrase "Shop Painting Classes" together with an image of a paint brush as shown in the printouts attached hereto as Exhibit D. Customers, upon clicking on the "Shop Painting Classes" icon, are redirected to Defendants' website, <colorsandbottles.com>, where Defendants promote their own competing classes and events. Thus, Defendants are using the Domain Names as a conduit to direct unsuspecting consumers to their own website.

22.     Since any use of the Domain Names and the PAINT NITE mark was undertaken in an attempt to confuse consumers and to trade upon the PAINT NITE name and mark, Defendants have failed to use the Domain Names or the PAINT NITE mark in connection with the *bona fide* offering of goods or services.

23.     Defendants' conduct is likely to confuse, to cause mistake or to deceive in that members of the public are likely to believe that Paint Night is the source of, has endorsed or approved, or is somehow otherwise legitimately associated with Defendants or their services, thereby injuring Paint Nite's name, business and goodwill.

24.     Furthermore, Defendants' intentional use of the PAINT NITE name and marks attracts consumers with an initial interest in Paint Nite's Social Painting Services, and even if those consumers ultimately become aware that Defendants are not sponsored by or affiliated with Paint Nite, Defendants have already benefited from the initial interest confusion.

25.     In addition, on information and belief, given Paint Nite's extensive use and promotion of the PAINT NITE mark in many of the same metropolitan areas where Defendants host their painting events, Defendants had knowledge of Paint Nite's longstanding use and ownership of its PAINT NITE mark. Thus, Defendants knowingly and willfully adopted and used a mark identical to the PAINT NITE mark with knowledge of the PAINT NITE mark.

6

26.     In light of Defendants' unauthorized use of the PAINT NITE mark in connection with identical services as those offered for several years by Paint Nite under its federally-registered PAINT NITE mark, Paint Nite has no choice but to protect its rights in its valuable PAINT NITE mark through this action.

## COUNT I

## CYBER PIRACY
## (15 U.S.C. § 1125(d))

27.     Paint Nite realleges and incorporates herein paragraphs 1 through 26 of this Complaint.

28.     Paint Nite is the owner of all right, title and interest in and to the distinctive PAINT NITE mark in connection with its Social Painting Services.  In addition, Paint Nite maintains a federal trademark registration for the PAINT NITE mark, namely, Registration No. 4,434,150.  Paint Nite began providing its services under the PAINT NITE mark long prior to the activities of Defendants complained of herein.

29.     At the time Defendants registered the Domain Names, each of which is comprised entirely of Paint Nite's federally registered PAINT NITE trademark, Paint Nite had already achieved renown in its PAINT NITE name and mark.

30.     Upon information and belief, Defendants have used and are continuing to use the Domain Names, with bad faith intent, to profit from the PAINT NITE mark.

31.     Defendants have neither legitimate trademark rights nor any other legitimate interest in the Domain Names, which have been registered and used in order to trade upon the goodwill associated with the PAINT NITE mark.  Defendants are not making a legitimate, noncommercial or fair use of the Domain Names.

32.     In registering and using the Domain Names, Defendants have intentionally attempted to attract Internet users to Defendants' website and business by creating a likelihood of confusion with the PAINT NITE mark as to the source, sponsorship, affiliation or endorsement of Defendants' services.

33.     Defendants' use of the Domain Names in connection with the promotion of Defendants' website to promote and facilitate their own competing classes and events further confuses customers by leading them to believe that Paint Nite endorses, sponsors, or is otherwise associated with Defendants and their services.

34.     Defendants' wrongful conduct violates the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

35.     As a result of the aforesaid conduct, Paint Nite has suffered substantial damage and irreparable harm constituting an injury for which Paint Nite has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Paint Nite will continue to suffer irreparable harm.

## COUNT II

### FEDERAL SERVICE MARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

36.     Paint Nite realleges and incorporates herein paragraphs 1 through 35 of this Complaint.

37.     Defendants' aforesaid use of the PAINT NITE mark with the promotion of their competing classes and events is without Paint Nite's authorization or consent.

38.     Defendants' unauthorized use of the PAINT NITE mark in connection with their competing classes and events is likely to cause confusion, mistake or deception as to the

affiliation, connection or association of Defendants or their services with Paint Nite and its federally-registered PAINT NITE mark in violation of 15 U.S.C. §1114(1)(a).

39.     Defendants' unauthorized conduct has deprived and will continue to deprive Paint Nite of the ability to control the consumer perception of its Social Painting Services provided in connection with its PAINT NITE mark, placing the valuable reputation and goodwill of Paint Nite in the hands of Defendants, over whom Paint Nite has no control.

40.     The intentional nature of Defendants' conduct renders this an exceptional case under 15 U.S.C. §1117(a).

41.     As a result of Defendants' conduct, Paint Nite has suffered substantial damage and irreparable harm to its PAINT NITE mark, constituting an injury for which Paint Nite has no adequate remedy at law.  Unless this Court enjoins Defendants' conduct, Paint Nite will continue to suffer irreparable harm.

## COUNT III

## FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

42.     Paint Nite realleges and incorporates herein paragraphs 1 through 41 of this Complaint.

43.     Defendants' actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendants' services with Paint Nite and its PAINT NITE mark, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

44.     Defendants' unauthorized and willful conduct has deprived and will continue to deprive Paint Nite of the ability to control the consumer perception of its Social Painting

Services provided in connection with its PAINT NITE mark, placing the valuable reputation and goodwill of Paint Nite in the hands of Defendants, over whom Paint Nite has no control.

45.     As a result of Defendants' conduct, Paint Nite has suffered substantial damage and irreparable harm to its PAINT NITE mark, constituting an injury for which Paint Nite has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Paint Nite will continue to suffer irreparable harm.

**COUNT IV**

**COMMON LAW TRADEMARK INFRINGEMENT**

46.     Paint Nite realleges and incorporates herein paragraphs 1 through 45 of this Complaint.

47.     Paint Nite is the owner of valid common law rights in its PAINT NITE mark, which it has used continuously and in connection with Social Painting Services long prior to Defendants' adoption and first use of the PAINT NITE mark and registration of the Domain Names.

48.     Defendants' actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendants' services with Paint Nite and its PAINT NITE mark, and as to the origin, sponsorship or approval of Defendants and their services in violation of Illinois common law.

49.     Defendants' unauthorized conduct also has deprived and will continue to deprive Paint Nite of the ability to control the consumer perception of its Social Painting Services provided in connection with its PAINT NITE mark, placing the valuable reputation and goodwill of Paint Nite in the hands of Defendants, over whom Paint Nite has no control.

50.     Given Paint Nite's extensive use and promotion of the PAINT NITE mark in many of the same metropolitan areas where Defendants host their competing classes and events,

10

Defendants at least had constructive knowledge of Paint Nite's prior use of and rights in its PAINT NITE mark before Defendants began using the PAINT NITE mark, and Defendants thus willfully engaged in common law trademark infringement in violation of Illinois law.

51. As a result of Defendants' conduct, Paint Nite is likely to suffer, and has in fact already been injured.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Paint Nite requests that this Court enter a judgment in favor of Paint Nite and against Defendants as follows:

A. Declaring that Defendants have violated the Anti-Cybersquatting Consumer Protection Act, willfully infringed the PAINT NITE mark and falsely designated the origin of their services in violation of 15 U.S.C. §§ 1125(d), 1114(a) and 1125(a) and Illinois common law.

B. Permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other persons in active concert or participation with them from:

        (1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of the terms PAINT NITE, or any term confusingly similar to the PAINT NITE mark; or

        (2) doing any act or thing that is likely to induce the belief that Defendants' goods, services, or activities are in some way connected with Paint Nite's business, or that is likely to injure or damage Paint Nite's name, marks or business; and

C. Requiring that Defendants:

        (1) reimburse Paint Nite for all damages it has suffered due to Defendants' acts complained of herein;

      (2)    pay to Paint Nite exemplary damages, including treble damages and attorneys' fees under 15 U.S.C. § 1117 and as available at common law;

      (3)    deliver to Paint Nite's counsel for destruction any and all promotional materials, products, advertisements, signs, brochures, packages and other printed materials bearing the PAINT NITE mark or any other marks confusingly similar to the PAINT NITE mark and all plates, molds, matrices, screens or other means for making the same that are in their possession or control within ten (10) days of the entry of the Order; and

      (4)    reimburse Paint Nite for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

    D.    Awarding Paint Nite such other and further relief as this Court deems equitable.

Dated: October 14, 2014        By:    /s/ Antony J. McShane
                                      One of the Attorneys for Plaintiff,
                                      Paint Nite LLC

Antony J. McShane
Andrea S. Fuelleman
NEAL GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, Illinois 60602
(312) 269-8000

NGEDOCS: 2205217.3